Yvonne ASH; Clinton Ash; STLB, Inc., Plaintiffs—Appellants,

v.

GAINSCO, INC.; Gainsco Companies and General Agents Insurance Company of America, Inc., Defendants—Appellees.

No. 00–16686.

D.C. No. CV–00–00046–MJJ.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2001.*

Decided Dec. 17, 2001.

Before KOZINSKI, RYMER, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Yvonne and Clinton Ash, and STLB, Inc., appeal from summary judgment in favor of Gainsco, Inc., General Agents Insurance Company of America, and the Gainsco Companies (Gainsco) in their ac-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion for bad faith and breach of contract. We affirm.

The Ashes argue that STLB's commercial general liability (CGL) insurance policy is ambiguous because an ordinary insured could reasonably conclude that the products-completed operations (PCO) coverage arose independently of Coverage A and its auto exclusion. Gainsco agrees that the CGL policy includes PCO coverage, but contends that it is in Coverage A which unambiguously excludes injuries arising out of use of an automobile. This must be so, as the only insuring agreement for bodily injury and property damage liability is in Coverage A. The policy also specifies that the PCO aggregate limit is the most Gainsco will pay "under coverage A for damages because of 'bodily injury' and 'property damage' included in the 'products-completed operations hazard.'" The Ashes' suggestion that the endorsement containing the ISO 2104 Exclusion excludes PCO coverage from Coverage A but not from the policy as a whole lacks substance; apart from Coverage A, there is no insuring agreement for PCO coverage. Regardless of why the endorsement was issued, and whether it is confusing, the endorsement neither creates PCO coverage in some non-existent other part nor causes the policy to be ambiguous as to the source of PCO coverage. *See Stanford Ranch, Inc. v. Maryland Cas. Co.*, 89 F.3d 618 (9th Cir.1996); *Ray v. Valley Forge Ins. Co.*, 77 Cal.App.4th 1039, 92 Cal. Rptr.2d 473 (Ct.App.1999). Thus, the automobile exclusion applies.

This must have comported with STLB's reasonable expectations, for it paid no premium for separate PCO coverage and the declarations indicate that the limit of PCO coverage is zero.

Further, the PCO definitions are consistent with the automobile exclusion in Coverage A. "Your product" includes "containers (other than vehicles)," and excludes "vending machines or other property rented to or located for the use of others but not sold."

Accordingly, there is no possibility of coverage giving rise to any duty to defend, no obligation to indemnify, and no bad faith.

AFFIRMED.